## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

| | | |
|---|---|---|
| In re:<br><br>JOHN T. BROWN<br><br><br>_____ Debtor | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 7<br>Case No. 08-43819-MSH |
| JOHN T. BROWN<br><br>Plaintiff<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT OF<br>REVENUE<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adversary Proceeding<br>No. 11-4150 |
| In re:<br><br>ANTHONY M. GONZALEZ<br><br><br>_____ Debtor | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 7<br>Case No. 10-41907  -MSH |
| ANTHONY M. GONZALEZ<br><br>Plaintiff<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT OF<br>REVENUE<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adversary Proceeding<br>No. 11-4149 |

## MEMORANDUM OF DECISION ON THE MASSACHUSETTS DEPARTMENT OF REVENUE'S MOTIONS FOR SUMMARY JUDGMENT

While the facts in these adversary proceedings are not identical, the fact patterns and

legal issues are. It is sensible and efficient, therefore, to issue a single memorandum of decision

covering both motions for summary judgment filed by the Massachusetts Department of

Revenue ("MDOR") in these matters in which the debtors seek judgments that certain state

income tax liabilities are dischargeable in their bankruptcy cases. The case-specific facts are

straightforward and uncontroversial.

On July 7, 2005, John T. Brown filed his Massachusetts resident income tax returns for

each of the tax years 1998 through 2004. All the returns were overdue. Mr. Brown filed a

voluntary petition for relief under chapter 7 of title 11 of the United States Code (the Bankruptcy

Code) on November 24, 2008.  On schedule E (creditors holding unsecured priority claims)

accompanying his petition Mr. Brown listed outstanding indebtedness to the Commonwealth of

Massachusetts for taxes for the years 1998 through 2004 totaling $105,000. Mr. Brown received

a discharge of his debts in his chapter 7 case on March 23, 2009. On November 5, 2011, the

MDOR levied on Mr. Brown's bank account in an effort to collect the outstanding tax debt and

seized $217.78.

On February 28, 2005, Anthony M. Gonzalez filed his Massachusetts resident income tax

returns for each of the tax years 1999 through 2002. On July 19, 2005, he filed his returns for tax

years 2003 and 2004. All the returns were overdue. Mr. Gonzalez filed a voluntary petition for

relief under chapter 7 of the Bankruptcy Code on April 19, 2010. On schedule E accompanying

his petition Mr. Gonzalez listed outstanding indebtedness to the Commonwealth for taxes for the

years 1999 through 2005 totaling $36,174.80. Mr. Gonzalez received a discharge of his debts in

his chapter 7 case on September 23, 2010.

The debtors commenced these adversary proceedings against the MDOR seeking

judgments that their obligations for the pre-petition state income tax debts owed by them had

been discharged when they received their chapter 7 discharges. Mr. Brown also seeks to recover

from the MDOR $217.78 seized from his bank account.

      Bankruptcy Code § 727 governs the scope of discharge in chapter 7 cases. Bankruptcy

Code § 523(a) excludes from the § 727 discharge 19 categories of debts.  Section 523(a) is self-

executing or automatic as to the non-dischargeability of most of the itemized debts. Debts

described in subparts 2, 4 and 6 of § 523(a), however, which deal with various types of

opprobrious conduct, are not excepted from discharge unless a creditor files an adversary

proceeding seeking a ruling that such conduct occurred. The non-dischargeability of certain tax

liabilities is governed by subpart 1 and is thus self-executing. From time to time parties may

disagree on whether a particular debt is subject to a § 727 discharge or whether it falls within one

of the self-executing parts of § 523(a) and is non-dischargeable. In that event a party may seek a

judicial determination in a court of competent jurisdiction.[1]

      Messrs. Brown and Gonzalez on the one hand and the MDOR on the other disagree as to

---

[1] As the court noted in *In re Galbreath,* 83 B.R. 549, 551 (Bankr. S.D.Ill.1988):

      Unlike dischargeability questions under §§ 523(a)(2), (4) and (6), dischargeability questions under § 523(a)(1) are of the type over which the bankruptcy court has concurrent, but not exclusive, jurisdiction. 3 Collier on Bankruptcy, § 523.06, at 523–36 (15th ed.1987). While a creditor seeking a determination of nondischargeability of its debt under §§ 523(a)(2), (4) and (6) must file an objection to discharge in the bankruptcy court or have its debt discharged (see 11 U.S.C. § 523(c) and Bankruptcy Rule 4007(c)), a creditor with a type of debt listed as nondischargeable under §§ 523(a)(1), (3), (5), (7), (8) or (9) may wait until the conclusion of the bankruptcy proceeding and then bring suit on its claim in the appropriate nonbankruptcy forum. See Advisory Committee Note, Bankruptcy Rule 4007, Norton Bankr.L. & Prac., at 267–68 (1987); R. Ginsberg, Bankruptcy, Prentice Hall Information Services, § 12,653 (1986).

whether the tax liabilities at issue are within the scope of § 523(a)(1) which provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>
> (1) for a tax or a customs duty--
>
> (A) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;
>
> (B) with respect to which a return, or equivalent report or notice, if required--
>
>> (i) was not filed or given; or
>>
>> (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or
>
> (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax….

The debtors claim the taxes are not within the scope of the statute hence their tax debts were discharged in their respective cases. The MDOR strenuously dissents, interpreting § 523(a)(1) to exclude the debtors' tax liabilities from discharge thereby entitling it to pursue collection of the taxes at will.

The MDOR filed summary judgment motions in these proceedings arguing that as a matter of law the income tax liabilities in question were not discharged because the debtors filed late tax returns for all the applicable tax years. The taxing authority's position is that a late-filed return is not a "return" as that word is defined in § 523(a) and that § 523(a)(1)(B)(i) renders non-dischargeable taxes with respect to which a return was not filed.

The debtors on the other hand assert that a late-filed return is still a return for purposes of § 523(a)(1) and that the tax liabilities in question were discharged because they don't fall under any of the three categories set forth in § 523(a)(1).  They maintain that even § 523(a)(1)(B)(ii), which applies to late-filed returns explicitly, is not applicable to their tax liabilities as their late

4

returns were filed more than two years prior to their respective chapter 7 petitions.

Prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the Bankruptcy Code did not define the term "tax return" or "return." In determining what constituted a federal tax return for purposes of § 523(a)(1) most courts applied the so-called "*Beard* test" articulated by the United States Tax Court in *Beard v. Commissioner*, 82 T.C. 766, 1984 WL 15573 (May 24,1984), *aff'd* 793 F.2d 139 (6th Cir. 1986). To qualify as a return under the *Beard* test a documents must: (1) purport to be a return; (2) be executed under the penalty of perjury; (3) contain sufficient data to allow calculation of the tax; and (4) represent an honest and reasonable attempt to satisfy the requirements of the tax law.

Pre-BAPCPA when faced with the question of dischargeability of federal taxes, a number of courts of appeals as well as a bankruptcy appellate panel adopted the Beard test and held non-dischargeable federal tax liabilities with respect to late-filed returns even though the late returns were filed more than two years prior to bankruptcy provided the returns were filed after the IRS had assessed the tax. These courts held that a post-assessment federal tax return served no purpose under federal tax law, did not satisfy the fourth prong of the *Beard* test and thus did not qualify as a return under Bankruptcy code § 523(a). *Payne v. United States (In re Payne)*, 431 F.3d. 1055 (7th Cir. 2005); *Moroney v. United States (In re Moroney)*, 352 F.3d 902 (4th Cir. 2004); *United States v. Hatton (In re Hatton)*, 220 F.3d 1057 (9th Cir. 2000); *United States v. Hindenlang (in re Hindenlang)*, 164 F.3d 1029 (6th Cir. 1999); *Wogoman v. Internal Revenue Service (In re Wogoman)*, 475 B.R. 239, 246 (10th Cir.B.A.P. 2012). *But see Colson v. United States (In re Colson)*, 446 F.3d 836, 840-41 (8th Cir. 2006).

As part of BAPCPA § 523(a) was amended by adding an unnumbered paragraph containing a definition of sorts for the term "return" as used in that section:

5

For purposes of this subsection, the term "return" means a return that satisfies the
requirements of applicable nonbankruptcy law (including applicable filing requirements).
Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue
Code of 1986, or similar State or local law, or a written stipulation to a judgment or a
final order entered by a nonbankruptcy tribunal, but does not include a return made
pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or
local law.

The only portion of § 523(a) apart from the definitional paragraph itself that contains the

word "return" is § 523(a)(1).  The BAPCPA-imposed definition of "return" appears to serve a

gatekeeping function with respect to § 523(a)(1). Regardless of when it is filed, if a tax return is

not considered a return under applicable non-bankruptcy law then the tax liability for the relevant

tax period should be non-dischargeable.

The MDOR, relying on a line of cases including *Mississippi Tax Comm'n v. McCoy (In*

*re McCoy)*, 668 F.3d 924 (5th Cir. 2012); *Shinn v. Internal Revenue Service (In re Shinn)*, 10-

8139, 2012 WL 986752 (Bankr. C.D.Ill. March 22, 2012); *United States of America v.*

*Hernandez (In re Hernandez)*, 11-5126, 2012 WL 78668 (Bankr. W.D.Tex. Jan. 11, 2012);

*Cannon v. United States of America (In re Cannon)*, 451 B.R. 204 (Bankr. N.D.Ga. 2011); *Links*

*v. United States of America (In re Links)*, 08-3178 and 07-31728, 2009 WL 2966162 (Bankr.

N.D. Ohio Aug. 21, 2009); and *Creekmore v. Internal Revenue Service (In re Creekmore)*, 401

B.R. 748 (Bankr. N.D. Miss. 2008); advocates the position that a late-filed Massachusetts

income tax return is not a "return" that satisfies the applicable requirements of Massachusetts

law and thus regardless of how many years may have elapsed between the filing of the return and

the bankruptcy petition, the tax for the applicable tax year is non-dischargeable by application of

§ 523(a)(1)(B)(i) as if no return was ever filed.

The MDOR argues that to be considered a return for purposes of § 523(a) the return must

comply with applicable requirements of non-bankruptcy law "including applicable filing

requirements." Massachusetts law requires that state tax returns be "made on or before the fifteenth day of the fourth month following the close of each taxable year." Mass. Gen. Laws ch. 62C, § 6(c). Since a late-filed return by definition does not comply with this Massachusetts filing requirement, the MDOR asserts that Massachusetts taxes relating to periods covered by such returns are never dischargeable.

I believe the MDOR's interpretation of § 523(a) is ill-conceived and unjustified. Interpreting the definitional paragraph of § 523(a) to mean that all late-filed Massachusetts tax returns are not returns renders virtually meaningless § 523(a)(1)(B)(ii), arguably the most frequently resorted-to subsection of § 523(a)(1). The interpretation of the definitional paragraph advanced by the MDOR and the decisions upon which it relies, rewrites § 523(a)(1)(B)(ii) so that it no longer covers late-filed returns filed more than two years prior to bankruptcy but merely covers late filed returns prepared pursuant to § 6020(a) of the Internal Revenue Code or similar statutes. The *IRS Chief Counsel Notice* CC–2010–016, 2010 WL 3617597 (Sept. 10, 2010), refers to the number of § 6020(a) returns as "minute" and observes that taxpayers do not even have the right to demand that the IRS prepare such returns on their behalf. For all practical purposes, therefore, the interpretation advocated by the MDOR renders § 523(a)(1)(B)(ii) a nullity. In *United states of America v. Martin (In re Martin)*, 428 .R. 635, 639 (Bankr. D. Colo. 2012), Judge Campbell refused to adopt an interpretation of the definitional paragraph of § 523(a) similar to the one advocated by the MDOR here because it would make § 523(a)(1)(B)(ii) superfluous.

The interpretation of the definitional paragraph being advanced by the MDOR also renders superfluous the reference at the end of the definitional paragraph itself to late-filed returns under § 6020(b) of the Internal Revenue Code. If all late-filed returns except § 6020(a)

returns are not returns there is no need to state that § 6020(b) returns are not returns.

There is no legislative history available to shed light on Congressional intent in enacting the BAPCPA amendment to § 523(a). In the absence of any legislative history I will not adopt the MDOR's interpretation. It simply does too much violence to the statute. As the Supreme Court declared in *Dewsnup v. Timm*, 502 U.S. 410, 419 (1992), "[t]his Court has been reluctant to accept arguments that would interpret the Code, however vague the particular language under consideration might be, to effect a major change in pre-Code practice that is not the subject of at least some discussion in the legislative history."

A far more sensible reading of the definitional paragraph added to § 523(a) by BAPCPA is that the phrase "the term 'return' means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements)" refers to a return that *qualifies* as a return under applicable nonbankruptcy law including the filing requirements of such law.  This essentially was the approach taken pre-BAPCPA by the courts adopting the *Beard* test when determining whether a return was a return under federal law and it seems quite logical to read the BAPCPA addition of the definitional paragraph as extending that analytical approach with respect to all tax returns, federal, state or local.

The more nuanced *Beard*-influenced approach to understanding the § 523(a) definitional paragraph does not mean tardiness in filing a tax return may never be relevant to application of the definition. On the contrary, if a late-filed return is not considered a return under applicable law then the relevant tax will be non-dischargeable under § 523(a)(1)(B)(i) since no return will have been filed.

Applying this approach to the cases here means answering the question, did the late-filed state income tax returns of Messrs. Brown and Gonzalez qualify as returns under Massachusetts

law or put another way, did the late-filed returns serve any tax purpose under Massachusettts law? The answer is an emphatic "yes." A late-filed return serves as the formal assessment of the tax in the amount set forth therein. MASS. GEN. LAWS ch. 62C, § 26(a) provides:

> Taxes shall be deemed to be assessed at the amount shown as the tax due upon any return filed under the provisions of this chapter and on any amendment, correction or supplement thereof, or at the amount properly due, whichever is less, and *at the time when the return is filed or required to be filed, whichever occurs later.* (emphasis supplied)

The only way a late-filed return does not serve as the tax assessment under Massachusetts law is when the commissioner of revenue assesses the tax first. MASS. GEN. LAWS ch. 62C, § 26(d) states:

> In the case of a false or fraudulent return filed with intent to evade a tax or of a failure to file a return, the commissioner may make an assessment at any time, without giving notice of his intention to assess, determining the tax due according to his best information and belief.

In connection with the taxes at issue in these cases there was no assessment by the commissioner of revenue prior to Messrs. Brown and Gonzalez filing their returns.  Their late-filed returns are thus "returns" under applicable Massachusetts law and there is no basis in Bankruptcy Code § 523(a) for excepting from discharge the taxes assessed by such returns.

As the returns in these cases were filed prior to tax assessment by the commissioner I need not address the question whether a late-filed return after assessment qualifies as a return under Massachusetts law. As indicated previously, with respect to federal taxes courts are in disagreement as to whether a post-assessment late-filed return constitutes a return for purposes of federal law, with a sizable majority of courts holding it does not.  What the result would be for Massachusetts tax returns will have to await a future case or controversy.

For the foregoing reasons, the MDOR's motions for summary judgment will be denied. As the only disputed issue in these adversary proceedings has now been decided, it would be

9

appropriate to enter summary judgment in favor of Messrs. Brown and Gonzalez. Before doing

so, however, I will give the MDOR 30 days to submit in writing any reasons why summary

judgment in favor of plaintiffs should not enter. *See* Fed. R. Civ. P. 56(f), made applicable by

Fed. R. Bankr. P. 7056. Separate orders shall issue.

Dated: March 11, 2013                                          By the Court,

                                                              _____
                                                              Melvin S. Hoffman
                                                              U.S. Bankruptcy Judge

Counsel appearing:

Marques Lipton, Esq.
Law Offices of Timothy Mauser, Esq.
Boston, MA
For plaintiffs John T. Brown and Anthony M. Gonzalez

Celine E. Jackson, Esq.
Massachusetts Department of Revenue
Boston, MA
For the defendant Massachusetts Department of Revenue

Carl D. Aframe
Aframe & Barnhill
Worcester, MA
For Timothy Perkins, *amicus curae*